# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MAURICE CHAPMAN, SR.,                     Case No. 1:14-cv-398
      Petitioner,

                                      Dlott, J.
  vs.                                     Litkovitz, M.J.

WARDEN, LEBANON                           **REPORT AND**
CORRECTIONAL FACILITY,                    **RECOMMENDATION**
      Respondent.

Petitioner, an inmate in state custody, has filed a pro se petition for writ of habeas corpus challenging his Hamilton County, Ohio conviction on two counts of felonious assault in Case No. B 0907147. (Doc. 1). This matter is before the Court on respondent's motion to transfer petitioner's habeas petition to the United States Court of Appeals for the Sixth Circuit. (Doc. 9).

Petitioner raises the following four grounds for relief in the petition:

1. Racial discrimination in grand jury selection.

2. Perjured testimony to the grand jury by the state's two principal witnesses.

3. Constitutionally defective and fatally flawed indictment.

4. Ineffective assistance of counsel (trial and appeal).

(Doc. 1).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his Hamilton County conviction. On September 30, 2011, petitioner filed his first habeas petition. *See Chapman v. Warden*, Case No. 1:11-cv-560 (S.D. Ohio Sept. 30, 2011) (Bertelsman, J.; Merz, M.J.) (Doc. 4). As he does in the instant petition, petitioner claimed he was entitled to habeas relief based on claims of racial bias, ineffective assistance of counsel and perjured testimony, amongst others. This Court denied the petition after concluding that the claims in the petition were without merit or procedurally defaulted. (*See id.* at Docs. 16, 20, 24).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* *See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner is attacking the same conviction and sentence challenged in his prior petition. The Court's decision denying the prior petition on the ground that his claims were without merit or procedurally defaulted constitutes an adjudication on the merits. *O'Hara v. Timmerman-Cooper*, No. 1:10-cv-369, 2011 WL 926048, at *2 (S.D. Ohio Jan. 5, 2011) ("The Court's decision denying the prior petition on the ground that some claims were procedurally defaulted and the others lacked merit constitutes an adjudication on the merits."); *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused

2

procedural default of claims in state court is considered "on the merits"). In such a case, the

prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before

filing a subsequent habeas application. Therefore, the instant petition is a second or successive

petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider

it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the

district court without first obtaining authorization from the Court of Appeals, the district court in

the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth

Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th

Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to transfer petitioner's

second habeas petition to the Sixth Circuit (Doc. 9) be **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to transfer petitioner's habeas petition to Sixth Circuit Court of

Appeals (Doc. 9) be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 1) be

**TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the

Sixth Circuit for consideration whether the district court may review the petition in accordance

with 28 U.S.C. § 2244(b).

Date: 8/12/14

Karen L. Litkovitz
United States Magistrate Judge

3

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MAURICE CHAPMAN, SR.
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL FACILITY,
    Respondent.

Case No. 1:14-cv-398

Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maurice Chapman, Sr.
#629-864
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 5963

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540